IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANN S. TIERNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-3179 |
| | ) | |
| QUINCY PUBLIC SCHOOL DISTRICT NO. 172, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Quincy Public School District No. 172's Motion for Ruling on Defendant's Previously Filed Motion for Attorney's Fees (d/e 44). Defendant filed a Motion for Attorney's Fees (d/e 20) on November 26, 2001. On February 4, 2002, at Plaintiff's request, this Court stayed Defendant's Motion for Attorney's Fees pending the resolution of Plaintiff's appeal to the United States Court of Appeals for the Seventh Circuit. Minute Entry, February 2, 2002. The Court of Appeals issued its opinion, affirming this Court, on February 22, 2005, and the mandate issued April 5, 2005. Mandate of USCA (d/e 43).

1

Plaintiff has filed her Response to Defendant's Motion for Ruling on Defendant's Previously Filed Motion for Attorney Fees (d/e 49) (Plaintiff's Response), and the matter is ripe for determination.[1] For the reasons set forth below, the Court awards Defendant its attorney's fees in the amount of $10,000.00.

The instant case is one of a number of cases involving Plaintiff and her family that have been filed in this Court. In the present case, Plaintiff filed her Complaint (d/e 1) on June 11, 2001, alleging constitutional violations under 42 U.S.C. § 1983 and a state law claim. Defendant filed a Motion to Dismiss (d/e 7), which the Court allowed. <u>Order, October 23, 2001 (d/e 12)</u>. The Court dismissed Plaintiff's Complaint in its entirety, finding that all of the claims raised were duplicative of matters already resolved in a previous case involving Plaintiff. <u>Id</u>. Plaintiff then filed a Motion to Alter or Amend Judgment (d/e 14) that the Court denied. <u>Order, January 14, 2002.</u> Plaintiff filed a Notice of Appeal (d/e 30) on February 4, 2002.

Defendant asks the Court to award it its fees for defending this case

---

[1] In her Response, Plaintiff alludes to supplemental filings she will be making in support of her position. Plaintiff's Response was filed on June 10, 2005, and no additional materials have been received by the Court to this point. Moreover, the Court granted Plaintiff three extensions of time to file her Response, and clearly indicated that June 10, 2005, was the final deadline for responding.

under 42 U.S.C. § 1988, which authorizes the Court in its discretion to award "the prevailing party, other than the United States, a reasonable attorney"s fee as part of the costs . . . ." Absent subjective bad faith by a civil rights plaintiff, "prevailing defendants only receive attorney's fees if the plaintiff's claim was 'frivolous, unreasonable, or groundless.'" Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). In the present case, Plaintiff's claims were clearly groundless and frivolous, and the Court finds that an award of attorney's fees is appropriate.

Plaintiff's Complaint sought relief for alleged violations of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983 and a state law claim under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/1, et seq. As the Court recognized in its October 23, 2001, Order, Plaintiff's claims of Freedom of Association and Retaliation under the Illinois Abused and Neglected Child Reporting Act were the same claims that this Court had denied Plaintiff leave to include in Case No. 99-3149. Order, October 23, 2001, p. 9-11. The Court characterized Plaintiff's actions as an attempted "end-run around this Court's discretionary ruling" in Case No. 99-3149 disallowing the claims. Id. at 11. Similarly, the Court

noted that Plaintiff's First Amendment Right to Petition for Redress of Grievances claim was duplicative of a claim that was still pending in Case No. 99-3149. Id. at 12-13. The Court recognized that the law clearly prohibited a plaintiff from pursuing multiple federal suits against the same party based on the same controversy. Id. at 13-14 (citing cases). Therefore, it is clear that the Complaint lacked sufficient legal basis at the time it was filed.

Plaintiff fails to address the duplicative nature of the Complaint, but rather contends that her claims were not frivolous because they were the basis for union grievances that were held to be subject to arbitration by an Administrative Law Judge. This argument does not alter the fact that all of the claims raised in the present Complaint were duplicative of claims raised in Case No. 99-3149. It is the duplication that makes this case frivolous, not the nature of the claims themselves.

Plaintiff further asserts that the Complaint was filed without her knowledge or consent and argues that any award of attorney's fees should be charged solely against her former attorney Richard Steagall. Plaintiff does not indicate at what point she became aware of this case, but the record includes a signed Declaration by her husband Robert Tierney

prepared specifically for this case dated August 13, 2001. <u>Declaration of J. Robert Tierney (d/e 11)</u>. The Court notes the protracted history of the case, including the Motion to Alter or Amend, as well as the appeal. Moreover, the Court notes that Plaintiff continued to pursue her appeal in this case <u>pro</u> <u>se</u> after the Court of Appeals allowed Attorney Steagall to withdraw. Plaintiff clearly had knowledge of and participated in this case. A civil rights plaintiff may be held personally liable for a prevailing defendant's attorney's fees under 42 U.S.C. § 1988. Given the facts of the present case, the Court finds an award of attorney's fees against Plaintiff personally to be appropriate.

"In addition to determining whether to grant an award of attorney's fees to a prevailing party, the district court must also exercise its discretion in setting the amount of the fees awarded." <u>Munson v. Friske</u>, 754 F.2d 683, 697 (7th Cir. 1985). This determination is an equitable one. <u>Id</u>. In the present case, Defendant has presented satisfactory evidence of fees totaling $17,472.00. See <u>Defendant's Motion for Attorney's Fees</u>, Ex. A, <u>Declaration of John J. Gazzoli, Jr., with Exhibit</u>, & Ex. B, <u>Declaration of Brett K. Gorman, with Exhibit</u>. Plaintiff does not raise a specific challenge to any of the fees sought. Defendant, however, recognizing that, as an

5

educator, Plaintiff has comparatively limited resources, does not seek an award of the entire amount of fees expended. Rather, Defendant asks the Court to award $10,000.00 in fees. Plaintiff presents no evidence of her ability, or inability, to pay an award of attorney's fees. The Court finds the amount requested by Defendant to be both reasonable and supported by the record. Therefore, the Court awards Defendant $10,000.00 in attorney's fees under 42 U.S.C. § 1988.

THEREFORE, Defendant's Motion for Ruling on Defendant's Previously Filed Motion for Attorney's Fees (d/e 44) is ALLOWED. The Court awards Defendant Quincy Public School District No. 172 $10,000.00 in attorney's fees from Plaintiff Ann S. Tierney.

IT IS THEREFORE SO ORDERED.

ENTER: July 15, 2005.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE